```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

    RYMIR SATTERTHWAITE,
                                          1:18-cv-00287-NLH-JS
            Plaintiff,
                                          **MEMORANDUM**
    v.                                    **OPINION & ORDER**

    WANDA SATTERTHWAITE and SHAWN
    CARTER,

            Defendants.

**APPEARANCES:**

RYMIR SATTERTHWAITE
630 ERIAL ROAD
BLACKWOOD, NJ 08701
    Plaintiff appearing pro se

WANDA SATTERTHWAITE
3850 N. MAIN STREET
PHILADELPHIA, PA 19140
    Defendant appearing pro se

SHAWN CARTER
318 WALKER ROAD
WEST ORANGE, NJ 07052
    Defendant appearing pro se

**HILLMAN**, District Judge

WHEREAS, Defendant, Wanda Satterhwaite, appearing *pro se*, has filed a "notice of petition; verified petition for warrant of removal" of a matter that appears to be related to state court actions concerning the paternity of Defendant's now adult son; and

WHEREAS, it appears that Defendant's family law case, which

started in Pennsylvania family court, progressed through the trial and appellate levels in New Jersey state court, with the New Jersey Supreme Court ultimately denying a petition for certification on December 5, 2017[1]; and

WHEREAS, Defendant has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if

---

[1] Defendant has asked that this case be consolidated with Lillie Coley v. Shawn Carter and Wanda Satterthwaite, Civil Action 17-11751-NLH-JS. That action is closed, but there is a pending motion to seal in that case that concerns the same and similar exhibits accompanying Defendant's notice of removal in this action, which are also currently under seal. A hearing has been set by the Magistrate Judge in 17-11751 on the motion to seal, and the Magistrate Judge is directed to assess at the same time the sealed documents in this case.

it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, pro se complaints and notices of removal must be construed liberally, and all reasonable latitude must be afforded the pro se litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se parties are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court has reviewed Defendant's IFP application, and has determined that she has made a sufficient

showing of indigence; but

WHEREAS, the Court finds that Defendant's "notice of petition; verified petition for warrant of removal" is substantively improper because there does not appear to be a pending state court matter to remove, which is a fundamental requirement for removal under 28 U.S.C. § 1441(a) (for removal, the state court action must be "pending") and § 1446(a) (same); see also City of Newark v. Lawson, 346 F. App'x 761, 762 (3d Cir. 2009) (finding that because the state court proceedings had already concluded by the time the appellant filed his notice of appeal, removal was not appropriate); and

WHEREAS, to the extent that Defendant's filing can be construed as an originally filed action, rather than as a removal of a state court action, and asserts claims for violations of her federal civil rights, thus averring subject matter jurisdiction under 28 U.S.C. § 1331, her filing warrants a *sua sponte* dismissal because she does not specifically name any defendant, and instead generally alleges that the Pennsylvania and New Jersey courts violated her civil rights,[2] which is fatal under Fed. R. Civ. P. 8 and Bell Atlantic v. Twombly, 550 U.S. 544, 563 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009), see Lawson, 346 F. App'x at 761 (finding

---

[2] Subject matter jurisdiction under 28 U.S.C. § 1332, i.e., diversity jurisdiction, would be lacking for the same reason.

4

"no error in the District Court's decision to construe Lawson's pro se notice of removal as a complaint initiating a new federal action" and dismiss the action for lack of subject matter jurisdiction, rather than ordering remand, because there was no pending state court action capable of remand);

THEREFORE,

IT IS on this __17th__ day of __January__, 2018

ORDERED that Defendant's IFP application (Docket No. 1-2) be, and the same hereby is, GRANTED, and the Clerk is directed to file Defendant's submission; and it is further

ORDERED that when the Court construes Defendant's submission as an original complaint, it is hereby DISMISSED for failure to state a cognizable claim, and the Clerk is directed to mark the matter as CLOSED; and it is further

ORDERED that the Magistrate Judge is directed to, in conjunction with the pending motion to seal in Civil Action 17-11751, determine whether the documents filed under seal in this action should remain sealed.

At Camden, New Jersey
                             __s/ Noel L. Hillman__
                             NOEL L. HILLMAN, U.S.D.J.